UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| CLAYTON WALKER, | ) | CIV. 12-4078-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| SHAWN PETERSON and | ) | |
| BRIAN FRANKLIN, in their individual | ) | |
| capacity, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Clayton Walker, brought suit against defendants, Shawn

Peterson and Brian Franklin, alleging various § 1983 claims and state-law

claims. A jury trial commenced on May 14, 2013, and the jury was ultimately

instructed on three claims: (1) § 1983 excessive force; (2) § 1983 unlawful arrest;

and (3) trespass. The jury found in favor of defendants on the § 1983 excessive

force and trespass claims.

Walker's § 1983 unlawful arrest claim depends on whether defendants

had probable cause to arrest Walker, which is a legal question for the court.

Defendants argue probable cause existed at the time of the arrest while Walker

argues it did not. Because the probable cause determination is dependent upon

the facts surrounding the arrest, the court had the jury determine certain facts

that were in dispute. The court now takes up the merits of Walker's § 1983

unlawful arrest claim. After considering the jury's determination of the facts and

the court's application of the law to those facts, the court finds in favor of defendants on Walker's § 1983 unlawful arrest claim.

Walker also moves for a new trial based on alleged jury misconduct. Defendants oppose the motion. For the following reasons, Walker's motion for a new trial is denied.

## BACKGROUND

Walker is a resident of Brookings, South Dakota. Defendants are Brookings city police officers.

On or about May 3, 2009, at 3 a.m., defendants were dispatched to an apartment complex because of a noise complaint. Upon arriving at the apartment complex, defendants heard loud music and followed the loud music to its source, which was later determined to be Walker's apartment.

Defendants knocked on the door of the apartment, and Walker answered. After a brief discussion, defendants asked Walker to provide identification. Walker initially produced a college ID. After defendants stated the college ID was inadequate, Walker then produced an Oklahoma state driver's license.

After conducting a records check, defendants informed Walker that they were going to issue him a citation for disturbing the peace. Shortly thereafter, Walker "forcibly remove[d] his driver's license from defendant Peterson's hand" and then "use[d] the door to his apartment to forcibly exclude defendants

Peterson and Franklin from his apartment."[1] Docket 30 at 2. Defendants reacted by grabbing Walker's arm, and a struggle ensued. Defendants subdued Walker and placed him under arrest.

Walker was charged with disturbing the peace, obstructing a law enforcement officer, disorderly conduct, resisting arrest, common nuisance, and escape. During the state-court proceedings, a magistrate judge found probable cause existed for the case to proceed to trial. All charges, with the exception of disturbing the peace, were dismissed prior to trial. The judge presiding over the trial on Walker's disturbing the peace charge found there was insufficient evidence to support a conviction and Walker was acquitted.

## DISCUSSION

### I.   § 1983—UNLAWFUL ARREST

Walker claims defendants violated his constitutional rights when they acted under color of state law[2] and arrested him without probable cause or a warrant.[3] "It is well established that a warrantless arrest without probable cause violates an individual's constitutional rights under the Fourth and Fourteenth Amendments." *Marksmeier v. Davie*, 622 F.3d 896, 900 (8th Cir. 2010).

---

[1] These were findings of fact that the jury made on the verdict form.

[2] The parties agree defendants were acting under color of state law.

[3] The parties agree defendants did not have a warrant to arrest Walker.

Defendants claim they are entitled to qualified immunity.[4] "Qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Small v. McCrystal*, 708 F.3d 997, 1003 (8th Cir. 2013) (internal quotations omitted). An officer is entitled to qualified immunity for a warrantless arrest if the arrest was supported by probable cause or at least arguable probable cause. *Joseph v. Allen*, 712 F.3d 1222, 1226 (8th Cir. 2013). Probable cause exists when the totality of the circumstances at the time of the arrest is sufficient to lead a reasonable person to believe that the arrested individual committed an offense. *Id.* at 1226. "Arguable probable cause exists even where an officer mistakenly arrests a suspect believing it is based on probable cause if the mistake is 'objectively reasonable.' " *Id.* at 1226 (quoting *Borgman v. Kedley*, 646 F.3d 518, 522-23 (8th Cir. 2011)); *see also Peterson v. City of Plymouth*, 60 F.3d 469, 473-74 (8th Cir. 1995) ("Officers are immune from liability if, in light of clearly established law and the information known to the officers, a reasonable officer could have believed the arrests were supported by probable cause."). Whether

---

[4] Defendants also argue that the state magistrate judge's finding of probable cause invokes collateral estoppel. In other words, the issue of whether defendants had probable cause to arrest Walker has already been decided by the state magistrate judge and this court should respect that decision. Because the court finds defendants had probable cause, or at least arguable probable cause, to make the arrest, the court will not address the issue of collateral estoppel.

probable cause or arguable probable cause existed at the time of arrest is a question of law. *Joseph*, 712 F.3d at 1226-27.

Under South Dakota law, a law enforcement officer may make an arrest without a warrant "for a public offense, other than a petty offense, committed or attempted in his presence." SDCL 23A-3-2. A public offense is "any crime, petty offense, violation of a city or county ordinance, or act prohibited by state or federal law." SDCL 22-1-2(29).

Walker contends defendants did not have probable cause, or arguable probable cause, to arrest him. Walker claims that at the time of the arrest the only crime that defendants could have reasonably believed occurred was disturbing the peace, which Walker contends is a petty offense under the Brookings city ordinance. Walker asserts that because it is a petty offense, defendants lacked authority to arrest him.

Defendants, on the other hand, claim there was probable cause to arrest Walker for obstructing a law enforcement officer under SDCL 22-11-6, disorderly conduct under SDCL 22-18-35, and resisting arrest under SDCL 22-11-4. Defendants also claim they were entitled to arrest Walker for resisting service or refusal to give information under SDCL 23-1A-9.

Obstructing a law enforcement officer, which violates SDCL 22-11-6, is a Class 1 misdemeanor. This offense occurs when an individual, "by using or threatening to use violence, force, or physical interference or obstacle,

5

intentionally obstructs, impairs, or hinders the enforcement of the criminal laws or the preservation of the peace by a law enforcement officer . . . acting under color of authority[.]" *Id.* The facts as found by the jury showed that while defendants were attempting to issue a citation to Walker for disturbing the police, Walker "forcibly remove[d] his driver's license from defendant Peterson's hand" and used the "door to his apartment to forcibly exclude defendants Peterson and Franklin from his apartment." Docket 30 at 2. Grabbing his driver's license and using the door to forcibly exclude defendants from his apartment while they were attempting to issue a citation could have caused defendants to reasonably believe that Walker was intentionally obstructing, impairing, or hindering defendants' enforcement of criminal laws or the preservation of the peace by using force, physical interference, or obstacle. *See Graham v. Harman*, 78 F.3d 588, 1996 WL 91930, at *1 (8th Cir. Mar. 5, 1996) (unpublished) ("Graham's subsequent act in starting her car could have caused the officer to reasonably believe that Graham was physically obstructing his duties by attempting to flee before he could issue her a traffic citation."). *See also State v. Sullivan*, 673 N.W.2d 288, 293 (S.D. 2003) (conviction for obstruction of justice conviction when defendant refused to allow law enforcement officer to speak to her son for purposes of determining his identity and maintaining the status quo while he obtained more information). Because obstructing a law enforcement officer is a Class 1 misdemeanor and not a petty

offense, thereby making it an arrestable offense,[5] defendants had at least arguable probable cause to arrest Walker. Defendants are therefore entitled to qualified immunity.

Even if defendants did not have arguable probable cause to arrest Walker for obstructing a law enforcement officer, they certainly had probable cause to arrest Walker for a violation of SDCL 23-1A-9. SDCL 23-1A-9 makes it a Class 2 misdemeanor for "any person who resists the service of a petty offense complaint and summons or who refuses to give a law enforcement officer the information necessary to complete a petty offense summons and complaint." By forcibly removing his driver's license from defendant Peterson's hand before defendants had issued the citation, defendants reasonably could have believed Walker was refusing to give information necessary to complete the citation. Also, by using his door to forcibly exclude defendants from his apartment, defendants reasonably could have believed Walker was resisting the service of a petty offense complaint and summons. Because a violation of SDCL 23-1A-9 is a Class 2 misdemeanor and an arrestable offense, defendants had probable cause or arguable probable cause to arrest Walker.

Defendants had at the very least arguable probable cause to arrest Walker for either obstructing a law enforcement officer or violating SDCL 23-1A-9.

---

[5] "Petty offenses are not crimes. A misdemeanor, whether Class 1 or Class 2, is a crime." *Planned Parenthood, Sioux Falls Clinic v. Miller*, 860 F. Supp. 1409, 1420 (D.S.D. 1994), *aff'd* 63 F.3d 1452 (8th Cir. 1995).

Therefore, defendants are entitled to qualified immunity and to a finding in their favor on Walker's § 1983 unlawful arrest claim.

## II.   NEW TRIAL

Walker argues he is entitled to a new trial because of juror misconduct under Federal Rule of Civil Procedure 59. On the second day of the trial before deliberations, Walker heard a juror say to another juror in the jury room, "You take those kids anywhere but your house." Walker claims this violated Preliminary Instruction No. 8, which instructed the jurors not to talk among themselves about the case until deliberations. Walker claims this comment prejudiced his case and right to a fair trial.

Defendants claim Walker waived his objection to juror misconduct by failing to bring the alleged misconduct to the court's attention before entry of the verdict. In the alternative, defendants claim the juror's statement did not prejudice Walker's case or right to a fair trial.

Under Rule 59, the court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). With regard to the timeliness of Walker's objection, the Eighth Circuit Court of Appeals has held that "by not bringing the question of juror misconduct to the attention of the trial court before the verdict was returned," one waives his right to a new trial. *United States v. Dean*, 667 F.2d 729, 734 (8th Cir. 1982).

Here, Walker overheard the juror's statement before the jury began deliberations. He had plenty of time to apprise the court of the statement and allow the court to fashion a proper remedy (e.g., additional instructions) if one was necessary. By not bringing the alleged juror misconduct to the court's attention before the verdict was returned, Walker waived his right to a new trial.

Moreover, Walker has not explained how the statement prejudiced his case or his right to a fair trial. Instead, he simply assumes that it did. A baseless statement of alleged prejudice is not enough to justify a new trial.

In the alternative, Walker request the court grant a hearing so that four jurors can be interviewed by the court. Because Walker waived his right to a new trial based on juror misconduct by not bringing the issue to the court's attention during the trial, having a hearing on the issue would be futile. Thus, Walker's request for a hearing is denied.

## CONCLUSION

Defendants had at least arguable probable cause to arrest Walker for obstructing a law enforcement officer or for violating SDCL 23-1A-9. Defendants are therefore entitled to qualified immunity from Walker's § 1983 unlawful arrest claim. Separately, Walker waived his right to request a new trial based on juror misconduct by not bringing the alleged misconduct to the court's attention during the trial. Accordingly, it is

ORDERED that judgment is granted in favor of defendants on Walker's § 1983 unlawful arrest claim. Judgment in favor of defendants on all of Walker's claims will be entered.

IT IS FURTHER ORDERED that plaintiff's motion for a new trial (Docket 42) is denied.

Dated November 20, 2013.

BY THE COURT:


/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE